

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| IN RE: | § | No. 08-23-00160-CV |
| ALEJANDRO HERNANDEZ, | § | AN ORIGINAL PROCEEDING |
| Relator. | § | IN MANDAMUS |
| | § | |
| | § | |

**<u>OPINION ON REHEARING</u>**

Relator, Alejandro Hernandez, filed an original petition for writ of mandamus requesting

we order the Honorable Judge Annabel Perez, of the 41st Judicial District Court in El Paso County,

to grant Hernandez, a vexatious litigant, permission to proceed with litigation in El Paso County.

We denied his petition in an opinion issued June 23, 2023.[1] Hernandez has filed a motion for

rehearing in which he argues that this Court's reasons for denying his petition are curable and have

since been cured. Hernandez has filed an amended appendix containing certified copies of the

---

[1] On April 17, 2019, the County Court at Law Number Three of El Paso County declared Hernandez a vexatious litigant, making him the subject of a prefiling order that prohibits him from filing "in propria person any new litigation in a court in this State unless permission has been granted by the local administration judge of the type of court in which he intends to file a lawsuit, as expressly authorized by sections 11.101 and 11.102 of the Texas Civil Practice and Remedies Code." Texas Office of Court Administration, Vexatious Litigant Order, https://www.txcourts.gov/media/1444722/alejandro-hernandez.pdf.

documents at issue in our previous denial. Therefore, we grant the motion for rehearing. However, we deny the petition for writ of mandamus for the following reasons.

Hernandez and his wife Edith Schneider-Hernandez allegedly filed a lawsuit February 14, 2023, for constructive eviction, wrongful lockout, and various other claims against their landlord, Real Party in Interest, Robert Malooly. Their original petition is not included in the mandamus record, so we rely on the assertions in the mandamus petition and the certified documents in the appendix for information about the underlying suit. In his mandamus petition, Hernandez alleges that the RPI unlawfully raised his rent, and after a series of events involving partial payments at the increased rent amount, Hernandez stopped making rent payments altogether. Hernandez claims that he was owed credit for overpayments to RPI.

According to the mandamus petition, RPI posted a Property Code § 93.002 lock-out notice on the property in December of 2022. Hernandez and his wife responded by filing suit. Then, RPI allegedly began to unlawfully remove merchandise and personal property from the business. Hernandez filed a police report and sought a temporary restraining order (TRO) prohibiting RPI from removing the remaining personal property. The trial court granted the TRO on May 2, 2023. The police report and TRO appear in the mandamus record.

On May 12, 2023, Administrative Judge Perez entered an order denying Hernandez permission to proceed with the underlying litigation. In the order, Judge Perez states that the court received a "Request for Permission to Proceed with Lawsuit" from Hernandez that was not filed at the time of the order—Judge Perez filed the request contemporaneously with the court's order. The order denied the request, finding that Hernandez was previously declared a vexatious litigant and stating: "Before seeking permission from the Local Administrative Judge as required by Texas

Civil Practices & Remedies Code Section 11.101, [Hernandez] along with co-plaintiff Edith Schneider-Hernandez, filed this lawsuit on February 14, 2023."[2]

Hernandez then petitioned this Court for mandamus relief pursuant to § 11.102(f) of the Civil Practice and Remedies Code, which allows a vexatious litigant who has been denied permission to file litigation to apply for a writ of mandamus with the court of appeals. TEX. CIV. PRAC. & REM. CODE ANN. § 11.102(f) ("A decision of the appropriate local administrative judge . . . denying a litigant permission to file a litigation under Subsection (d) . . . is not grounds for appeal, except that the litigant may apply for a writ of mandamus with the court of appeals not later than the 30th day after the date of the decision.").

Chapter Eleven of the Civil Practice and Remedies Code contains provisions pertaining to vexatious litigants. Once a court has determined that a plaintiff meets the criteria for a vexatious litigant, § 11.102 details the procedure by which the litigant may seek permission to file additional litigation:

> (a) A vexatious litigant subject to a *prefiling order* under Section 11.101 is prohibited from filing, pro se, new litigation in a court to which the order applies without seeking the permission of:
> > (1) the local administrative judge of the type of court in which the vexatious litigant intends to file, except as provided by Subdivision (2); or
> > (2) the local administrative district judge of the county in which the vexatious litigant intends to file if the litigant intends to file in a justice or constitutional county court.
> > . . .
> (d) The appropriate local administrative judge described by Subsection (a) may grant permission to a vexatious litigant subject to a *prefiling order* under Section 11.101 to file a litigation only if it appears to the judge that the litigation:
> > (1) has merit; and
> > (2) has not been filed for the purposes of harassment or delay.

---

[2] Although Judge Perez's order denied Hernandez permission to proceed with the underlying litigation, the court determined that plaintiff Schneider-Hernandez could proceed.

3

TEX. CIV. PRAC. & REM. CODE ANN. § 11.102 (emphasis added). Hernandez claims that the underlying lawsuit meets the criteria in subsection (d) because the underlying suit has merit and was not filed for the purpose of harassment or delay. He further alleges trial court's grant of the TRO inherently shows that the underlying lawsuit is meritorious. Hernandez asserts that the district court abused its discretion when it denied his request for permission to proceed because it did not find that the underlying lawsuit lacked merit or that it was filed for the purpose of harassment or delay. We disagree.

Hernandez is the subject of a prefiling order under § 11.101, yet by his own admission he did not seek permission before he filed the underlying lawsuit. Rather, he sought "permission to proceed" with a lawsuit he had already filed. The order denying his request specifically notes that Hernandez filed the underlying lawsuit "[b]efore seeking permission from the Local Administrative Judge as required by Texas Civil Practices & Remedies Code Section 11.101[.]" Because Hernandez did not comply with his prefiling order, we cannot conclude that the district court erred when it denied his request for "permission to proceed" with the underlying lawsuit. We deny his petition for mandamus on rehearing.

YVONNE T. RODRIGUEZ, Chief Justice

August 11, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.

4